■ TIBBETTS CONTRACTING CORPORATION, Appellant, v. HOWARD R. DAVIS et al., Respondents.— Plaintiff appeals from an order of Special Term which denied its motion to strike out three affirmative defenses contained in the answer as insufficient in law. The complaint generally alleged an agreement between plaintiff and the Village of Margaretville — the defendants were the Mayor and Trustees — for work on its village streets and further that after partial performance it was cancelled as the result of a resolution duly adopted by the defendants in their official capacities. The complaint then alleged that the defendants were not authorized to enter into the contract on behalf of the village; that their acts were *ultra vires* and that the defendants were jointly and severally liable for the services rendered by the plaintiff. The answer was a general denial except for the admission that a resolution was adopted terminating the work and as part of the answer alleged the three separate affirmative defenses, which are the subject of the plaintiff's motion, and annexed to it a copy of the permit issued to the plaintiff by the Village of Margaretville and a contract between the parties hereto. The first defense referred to the authority of the various parties as to the right of compromise of claims and alleges that any consideration to be paid would be by the City of New York and not from the public funds of the Village of Margaretville. The second defense alleged a failure on the part of the plaintiff to properly perform the work and justification for the termination of the agreement. The third defense alleged waiver and estoppel on the part of plaintiff. We determine the three defenses were

properly pleaded. A reading of the permit and the agreement annexed to the answer and their interrelation may well give rise to questions affecting the rights of the various parties. The second defense is proper and necessary, under the circumstances, and there is no harm done as noted by the Special Term in the third defense which pleads facts constituting waiver and estoppel even though it may not be necessary to so plead. Order affirmed, with $10 costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.